UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM CURRY<br><br>Petitioner,<br><br>v.<br><br>MARCO TURCO,<br><br>Defendant. | Civil Action No.<br>18-10403-ADB |

**ORDER**

**BURROUGHS, J.**

1. Petitioner William Curry's motion to proceed *in forma pauperis* is hereby <u>ALLOWED</u>.

2. The petition and this action are hereby <u>DISMISSED</u> for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases, where it "plainly appears from the petition…that the petitioner is not entitled to relief in the district court." The present petition is an unauthorized second or successive 28 U.S.C. §2254 petition which must be dismissed under 28 U.S.C. §2244(b)(3)(A) or transferred to the First Circuit. See <u>Gautier v. Wall</u>, 620 F.3d 58, 61 (1st Cir.2010) (holding district court lacked jurisdiction to consider second or successive petition without authorization) (citing <u>Burton v. Stewart</u>, 549 U.S. 147, 152 (2007) ("The long and short of it is that [petitioner] neither sought nor received authorization from the Court of Appeals before filing his . . . petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."); 28 U.S.C. 2244(b)(3)(A); and First Circuit L.R. 22.1(e). Petitioner failed to inform the Court that this is his <u>sixth</u>[1] 28 U.S.C. § 2254 petition

---

[1] All of the petitions were dismissed. See <u>Curry v. Ficco</u>, C.A. 01-11921-RGS, <u>Curry v. Ficco</u>, C.A. 02-12297-DPW, <u>Curry v. Commonwealth of Massachusetts</u>, C.A. 04-12442-MEL; <u>Curry v. Spencer</u>, C.A. 07-10105-WGY, and <u>Curry v. Spencer</u>, 08-11622-WGY.

attempting to vacate his 1998 child sexual assault convictions. On September 24, 2008, petitioner's fifth 28 U.S.C. §2254 petition was dismissed, and as part of that order the Court warned him about filing further unauthorized Section 2254 petitions:

> Given Curry's repeated filings of habeas petitions under § 2254 challenging his 1998 state convictions in spite of the various Court Orders finding that the District Court lack jurisdiction over his successive petitions, this Court finds that at this time, Curry is abusing the writ of habeas corpus. Therefore, he is hereby WARNED that he could be subject to sanctions, including an Order enjoining him from filing further pleadings or cases in this Court absent prior permission of a judicial officer, should he continue to file § 2254 habeas petitions challenging his 1998 conviction. Curry is prohibited from filing any further § 2254 habeas petitions challenging his 1998 state court convictions unless he first receives permission from the First Circuit Court of Appeals to do so.

Curry v. Spencer, 08-11622, ECF No. 3, pp 5-6 (copy attached). Petitioner is, once again, challenging his 1998 convictions, but apparently neither sought, nor received permission to file a second or successive petition under 28 U.S.C. §2254. This Court has no jurisdiction, and dismisses the petition rather than transfer the petition to the First Circuit.

3. The Court does not sanction the petitioner, but he is again WARNED that any further filing of unauthorized Section 2254 petitions may result in sanctions.

4. The Clerk is directed to enter an order of dismissal.

**So Ordered.**

Dated: April 4, 2018

      /s/ Allison D. Burroughs  
ALLISON D. BURROUGHS  
UNITED STATES DISTRICT JUDGE